**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Melissa Ganucheau,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>E-Systems Management, LLC, an Arizona limited liability company; Brad Hamilton, a married individual,<br><br>　　　　　Defendants. | No. CV 11-01470-PHX-NVW<br><br>**ORDER** |

Before the Court is Defendants' Motion to Dismiss First Amended Complaint (Doc. 22). The motion will be granted for the reasons stated below.

**I.　　BACKGROUND FACTS**

Plaintiff was an employee of Defendant E-Systems Management until her termination on April 4, 2011. Defendant Hamilton was her supervisor, and non-party Jessica Birney was her subordinate employee. In August 2010, Hamilton and Birney began a sexual relationship which was offensive to Plaintiff. Birney described her sexual relationship with Hamilton to Plaintiff while at work in August 2010. Plaintiff reported the offensive remarks to Hamilton's supervisor, but no action was taken. Plaintiff also observed Hamilton and Birney making "inappropriate and sexually-charged comments and advances toward one another" during a company sponsored event in December 2010. This conduct similarly offended Plaintiff, who reported the incident to E-Systems Management. The day after that event, Birney described another sexual encounter to Plaintiff. Plaintiff reported this comment to E-Systems Management as well.

Plaintiff alleges that Birney received preferential treatment from Hamilton because of their sexual relationship.  She also claims that Birney's work performance was poor, but that Plaintiff was unable to take action against her because of her relationship to Hamilton.  The failure to address Birney's poor work performance caused Plaintiff's subordinate employees to lose respect for her.  Additionally, Hamilton reprimanded Plaintiff for attendance and time-management issues after she took a one-week approved medical leave in February 2011 in retaliation for making complaints.  Plaintiff alleges she was terminated for complaining about Hamilton and Birney's relationship and Birney's comments about their relationship.

## II.     LEGAL STANDARD

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), all allegations of material fact are assumed to be true and construed in the light most favorable to the non-moving party.  *Cousins*, 568 F.3d at 1067.  Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To avoid dismissal, a complaint must contain "only enough facts to state a claim for relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The principle that allegations in a complaint are accepted as true does not apply to legal conclusions or conclusory factual allegations.  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citing *Twombly*, 550 U.S. at 555).

To show that the plaintiff is entitled to relief, the complaint must permit the court to infer more than the mere possibility of misconduct.  *Id.*  ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.").  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  (citing *Twombly*, 550 U.S. at 556).

## III. ANALYSIS

Plaintiff's amended complaint contains two counts for relief: (1) Sexual Harassment and Discrimination; and (2) Retaliation (Doc. 21). Defendants have moved to dismiss Plaintiff's complaint for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6).

### A. Sexual Harassment and Discrimination

To state a claim for hostile work environment sexual harassment, Plaintiff must show "1) she was subjected to verbal or physical conduct of a sexual nature, 2) this conduct was unwelcome, and 3) this conduct was sufficiently severe or pervasive to alter the conditions of ... employment and create an abusive working environment." *Little v. Windermere Relocation, Inc.*, 301 F.3d 958 (quoting *Fuller v. City of Oakland*, 47 F.3d 1522, 1527 (9th Cir.1995) (internal quotations and citation omitted). In determining whether a work environment is "sufficiently hostile or abusive to violate Title VII," the Court considers "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* (quoting *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 270-71 (2001)). "[T]he work environment must both subjectively and objectively be perceived as abusive . . . and the objective portion of the claim is evaluated from the reasonable woman's perspective." *Id.* (citing *Ellison v. Brady*, 924 F.2d 872, 879-80 (9th Cir. 1991)).

Plaintiff has failed to state a plausible claim for relief for sexual harassment.[1] Plaintiff has only alleged that Birney spoke graphically about her sexual relationship with Hamilton on two occasions: once in August 2010 and once in December 2010. Her only other allegation is that on one occasion, also in December 2010, Plaintiff observed Birney

---

[1] Because Plaintiff has failed to allege sufficient facts to support her claim for sexual harassment, the Court need not address the issue of the sufficiency of her filing before the Equal Employment Opportunity Commission which was raised in the pleadings (*see* Doc. 22 at 5-6; Doc. 23 at 3-5).

and Hamilton behaving inappropriately at a work sponsored event. These allegations are insufficient to establish that Plaintiff's work environment was sufficiently hostile so as to be violative of Title VII. While Plaintiff may have been subjectively offended by Birney's isolated remarks about the relationship, these offensive comments are neither severe or frequent enough to support a claim that a reasonable woman would objectively perceive Plaintiff's work environment to be abusive. *See, e.g.*, *Candelore v. Clark Cnty. Sanitation Dist.*, 975 F.2d 588, 590 (9th Cir. 1992) (holding "isolated incidents of sexual horseplay" and allegations that a co-worker received preferential treatment as a result of an affair with a supervisor insufficient to state a claim for discrimination under Title VII); *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1095 (9th Cir. 2008) ("[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) do not constitute a hostile or abusive work environment." (internal citations and marks omitted)). Because Plaintiff has not alleged facts to establish a prima facie case of hostile work environment sexual harassment, this claim will be dismissed.

**B.    Retaliation**

Title VII "prohibits retaliation against an employee 'because [she] has opposed any practice made an unlawful employment practice'" under Title VII. *Nelson v. Pima Cmty. College*, 83 F.3d 1075, 1082 (9th Cir. 1996) (quoting 42 U.S.C. § 2000e-3(a)). To state a claim for retaliation, a plaintiff must allege "(1) a protected activity; (2) an adverse employment action; and (3) a causal link between the protected activity and the adverse employment action." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1034-35 (9th Cir. 2006). The failure of any one of these elements defeats a retaliation claim. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002) (finding first two elements met but affirming grant of summary judgment because no evidence of causal link). Plaintiff alleges she engaged in protected activity by complaining about Birney and Hamilton's relationship and Birney's comments about their relationship and that she was terminated for making these complaints. Defendant argues that Plaintiff did not engage in any protected activity by complaining to her supervisors about the

1  relationship between Birney and Hamilton, and that there is no causal link between any
2  alleged

3  An employee engages in a "protected activity" when the employee complains
4  about or protests conduct that the employee reasonably believes constitutes an unlawful
5  employment practice. *Trent v. Valley Elec. Ass'n Inc.*, 41 F.3d 524, 526 (9th Cir. 1994)
6  (citing *E.E.O.C. v. Crown Zellerbach Corp.*, 720 F.2d 1008, 1013 (9th Cir. 1983)).
7  Plaintiff has not sufficiently alleged that she reasonably believed that Birney and
8  Hamilton's relationship constituted an unlawful employment practice.  Indeed, as
9  discussed above, Plaintiff's subjective offense at Birney and Hamilton's relationship does
10 not establish that it was objectively reasonable to believe the existence of the relationship
11 itself and E-Systems Management's failure to take action to stop it was in any way
12 unlawful.

13 Further, Plaintiff has not alleged sufficient facts demonstrating a causal link
14 between her allegedly protected activity of complaining to her supervisors about Birney's
15 comments regarding their relationship and her ultimate termination.  Birney's two
16 comments were made in August 2010 and December 2010, and Plaintiff was not
17 terminated until April 2011.  Plaintiff's complaint alleges that she met with E-Systems
18 Management's senior vice president in March 2011, but that her complaints then were
19 limited to "low employee morale, Ms. Birney's poor performance, the effect that it had
20 on the entire Carefree store, and how Mr. Hamilton's and Ms. Birney's relationship was
21 the cause of these problems."  (Doc. 21 at 5.)   These complaints do not constitute
22 protected activity, so no termination resulting therefrom can appropriately be labeled
23 retaliation.  Plaintiff's retaliation claim will therefore be dismissed.

24 **C.     Defendant Hamilton**

25 Plaintiff named Hamilton as a defendant in her First Amended Complaint (Doc.
26 21).  However, it is well-established that "Title VII does not provide a separate cause of
27 action against supervisors or co-workers." *Craig v. M&O Agencies, Inc.*, 496 F.3d 1047,
28 1058 (9th Cir. 2007).  In her response, Plaintiff acknowledges that Hamilton "is no longer

a party to this lawsuit." (Doc. 23 at 1, n.1.)  Accordingly, any claims against Hamilton will also be dismissed.

## IV. LEAVE TO AMEND

Although leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), the Court has "especially broad" discretion to deny leave to amend where the plaintiff already has had one or more opportunities to amend a complaint. *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161 (9th Cir. 1989).  "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).  "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

Plaintiff has already been given the opportunity to file an amended complaint and has failed to state any plausible claim for relief against Defendants, nor is there any reason to think Plaintiff could state a sufficient claim in any amended complaint.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss First Amended Complaint (Doc. 22) is granted.

IT IS FURTHER ORDERED that the Clerk enter judgment dismissing this action. The Clerk shall terminate this case.

Dated this 17th day of April, 2012.

_____
Neil V. Wake
United States District Judge