**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Melissa Ganucheau, | No. CV 11-01470-PHX-NVW |
| Plaintiff, | |
| vs. | **ORDER** |
| E-Systems Management, LLC, an Arizona limited liability company; Brad Hamilton, a married individual, | |
| Defendants. | |

Before the Court is Defendants' Motion for Attorney's Fees (Doc. 29).  The Court heard oral argument on the motion on June 1, 2012 (Doc. 38).  For the following reasons, the Court will grant Defendants' motion.

**I.     BACKGROUND**

Plaintiff filed her original complaint on July 26, 2011 (Doc. 1).  She named  E-Systems Management, LLC, and Brad Hamilton as defendants, and raised three causes of action: (1) hostile work environment sexual harassment; (2) retaliation; and (3) defamation.   On October 26, 2011, Defendants filed a motion to dismiss Plaintiff's complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief (Doc. 11), which the Court granted on January 9, 2012 (Doc. 20).  The Court gave Plaintiff leave to file an amended complaint, which Plaintiff did on January 24, 2012 (Doc. 21).  In her amended complaint, Plaintiff asserted claims for sexual harassment and discrimination (treated  as  a  hostile  work  environment  sexual  harassment  claim)  and  retaliation. Defendants moved to dismiss Plaintiff's amended complaint for again failing to state a

plausible claim for relief (Doc. 22).    The Court granted Defendants' motion and dismissed Plaintiff's amended complaint with prejudice on April 17, 2012 (Doc. 26). Defendants filed their motion for attorneys' fees on May 1, 2012 (Doc. 29).  Defendants request $14,993.00 in fees, representing 51.7 hours of attorney work billed at a rate of $290.00 per hour (Doc. 39-1).

## II.    ANALYSIS

Defendants seek an award of fees pursuant to 42 U.S.C. §§ 1988(b) and 2000e-5(k).   Under 42 U.S.C. § 1988, the prevailing party in certain types of civil rights cases may be awarded reasonable attorney's fees.  *See Fox v. Vice*, —U.S. ——, ——, 131 S.Ct. 2205, 2213, 180 L.Ed.2d 45 (2011).  While most decisions under § 1988 concern "the grant of fees to prevailing plaintiffs," § 1988 also authorizes a fee award to a prevailing defendant in order to "protect defendants from burdensome litigation having no legal or factual basis."  *Id.* (quoting *Christiansburg Garment Co. v. Equal Employ. Opp. Comm.*, 434 U.S. 412, 416 (1978)).  The Court may thus award attorney's fees to a prevailing defendant "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg*, 434 U.S. at 421.

Defendants urge an award of fees is appropriate here because (1) they asserted their defenses to Plaintiff early in the case in an attempt to avoid litigation, to no avail; (2) the Equal Employment Opportunity Commission ("EEOC") reviewed Plaintiff's claims and summarily closed the matter only eight days after the claim was filed; (3) Plaintiff pursued claims which were patently frivolous on the face of the complaint; and (4) Plaintiff brought her claims in bad faith and in an attempt to extort a settlement from Defendants (Doc. 29 at 2).   The Court agrees that Plaintiff's claims were at least unreasonable, and accordingly finds an award of attorney's fees appropriate.  *See, e.g.*, *Harris v. Maricopa Cnty. Sup. Ct.*, 631 F.3d 963, 977 (9th Cir. 2011) (upholding finding that hostile work environment claim was frivolous).

First, Plaintiff's claims were unreasonable at the time they were filed.  She could provide no authority to support her position that two instances of discussion of an extramarital in the workplace, albeit discussions which were graphic and sexual in nature, constituted the type of frequent and pervasive harassment necessary to support a hostile work environment claim.  *See Pavon v. Swift Trans. Co., Inc.*, 192 F.3d 902, 908 (9th Cir. 1999) (stating a hostile work environment claim requires conduct complained of to be "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.").  Indeed, no such showing could be made on the facts here, which objectively fall far short of what case law requires to make out a claim for hostile work environment sexual harassment.  Further, because Plaintiff was not subject to any prohibited activity and could not have reasonably asserted that claim, it was similarly unreasonable for her to assert that her termination was in retaliation for her "expressing her distaste for [the sexually graphic] comments."  (Doc. 35 at 2.)  Plaintiff's claim for defamation, which was based solely on the alleged statement that Plaintiff was terminated for cause, was also patently frivolous, as Plaintiffs own complaint alleged her inability to do her job.

Other factors evidenced by the communication between counsel at the outset of the litigation also support an award of fees to Defendants.  Plaintiff's counsel sent Defendants' counsel a letter prior to filing this action outlining the case, indicating Plaintiff's counsel's familiarity with employment law and expertise in this area, asserting that Plaintiff's potential claims were "vast and strong" and valuing the litigation at between $400,000 and $600,00, and requesting $95,000 to settle the case.  Defendants' counsel responded to this letter and pointed out the paucity of facts and legal authority to support her hostile work environment, retaliation, and defamation claims.  Plaintiff's counsel nonetheless pursued these claims and filed an amended complaint when the original complaint was dismissed, asserting claims that Defendants had already communicated were objectively frivolous.

Plaintiff's counsel's expertise in the employment law area suggests that pursuing this action was unreasonable.  Plaintiff's claims were obviously insufficient from the outset of the litigation, particularly with respect to maintaining the action against individual defendant Hamilton in her amended complaint, even though Title VII does not provide liability against individuals[1].  These claims were objectively without merit, which experienced counsel should have known.  There was also an obvious dearth of facts and authority to support Plaintiff's hostile work environment, retaliation, and defamation claims actually asserted.  Though subjective bad faith might have motivated Plaintiff's actions here, the pursuit of obviously frivolous claims is sufficient to establish that Plaintiff's suit was at least "unreasonable." *Christiansburg*, 434 U.S. at 416.

IT IS THEREFORE ORDERED that Defendants' Motion for Attorney's Fees (Doc. 29) is granted.

IT IS FURTHER ORDERED that the Clerk enter judgment in favor of Defendants E-Systems Management, LLC and Brad Hamilton and against Plaintiff Melissa Ganucheau in the amount of $14,993.00, plus interest from the date of judgment at the federal rate of .21% per annum.

Dated this 6th day of July, 2012.

_____
Neil V. Wake
United States District Judge

---

[1] Plaintiff conceded in her response to Defendants' motion to dismiss her amended complaint that Hamilton was "no longer a party to this lawsuit" (Doc. 23 at 1 n.1), presumably in recognition of the fact that there is no individual liability under Title VII. While Plaintiff asserted there was no bad faith in continuing to name Hamilton in the amended complaint, she did not assert that continuing to name Hamilton as a defendant was inadvertent.  Indeed, the amended complaint continued to assert Plaintiff's claims against Hamilton.  Instead of disavowing Hamilton's inclusion in the amended complaint as error, Plaintiff's counsel instead stated Plaintiff "could plead facts to overcome the Motion to Dismiss," but was simply choosing not to.  (*Id.*)